UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY DUROSS,<br><br>   Petitioner,<br><br>   v.<br><br>CALIFORNIA STATE PRISON WARDEN,<br><br>   Respondent. | No.  2:15-cv-01871-GGH<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an ostensible application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court finds that the petition does not establish a claim for relief and accordingly, will recommend it be summarily dismissed.

    The petition suffers from a number of defects that make it clear petitioner is not entitled to relief.  First, it is unclear whether petitioner is actually attempting to assert claims under § 2254.  Section 2254 entitles prisoners in custody "pursuant to the judgment of a State court" to relief if they can establish that they are "in custody in violation of the Constitution or laws or treaties of the United States."  Petitioner asserts two grounds for his petition: (1) the state court erred by neglecting to sanction "California State Prison: Warden, Governor Edmund G. Brown, and State Controller-John Chiang" (hereinafter "Defendants")[1] when they failed to appear at a hearing

---

[1] Although the docket reflects that the California State Prison Warden is the sole respondent here, the petition names "California State Prison: Warden; Governor Edmund G. Brown; and State

1 related to a demurrer to a complaint of plaintiff's; and (2) Defendants have failed to grant him
2 credits as required pursuant to California Penal Code § 2900.5(a) in violation of the Fourteenth
3 Amendment.  ECF No. 1 at 5.  The petition also includes two more grounds for relief that
4 effectively mirror his first.  Id. at 6.  Petitioner is clearly challenging a state court judgment, it is
5 just not clear *what* state court judgment.  It does seem clear that he is *not* referring to his
6 underlying conviction based on the fact that he asserts Defendants failed to properly pursue a
7 demurrer to his complaint.  While it may be possible in some instances to proceed in habeas
8 corpus when mandatory time credits are not given the petition is too vague at this point to
9 proceed.

10     Finally, petitioner concedes that he has appealed his case to the California Supreme Court,
11 and that appeal is *currently pending*.  ECF No. 1 at 3.  Habeas petitioners are required to exhaust
12 state remedies before seeking relief in federal court.  28 U.S.C. § 2254(b).  The exhaustion
13 doctrine ensures that state courts will have a meaningful opportunity to consider allegations of
14 constitutional violations without interference from the federal judiciary.  Rose v. Lundy, 455 U.S.
15 509, 515 (1982); see also Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-
16 called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to
17 consider allegations of legal error' before a federal habeas court may review a prisoner's
18 claims.").  A petitioner satisfies the exhaustion requirement by fairly presenting to the highest
19 state court all federal claims before presenting them to the federal court.  See Baldwin v. Reese,
20 541 U.S. 27, 29 (2004).  A federal claim is fairly presented if the petitioner has described the
21 operative facts and the federal legal theory upon which his claim is based.  See Wooten v.
22 Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) ("Fair presentation requires that a state's highest

23 ─────────────────────────────
24 Controller-John Chiang" as respondents.  ECF No. 1 at 1.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  Ortiz–Sandoval v. Gomez,
25 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C.A. § 2254).  "Typically, that person is the warden of the facility in which the petitioner is incarcerated."  Id.  Federal courts lack
26 personal jurisdiction when a habeas petition fails to name a proper respondent.  See id.
27 Accordingly, the court lacks personal jurisdiction over a proper respondent in this matter because petitioner does not name the officer that has custody of him.  The governor of California and the
28 state controller are not proper respondents in a petition filed under § 2254.

court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"). Petitioner's concession that his California Supreme Court appeal is currently pending establishes he has not exhausted his state remedies, requiring the dismissal of his petition.[2]

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California;

2.  The clerk of the court randomly assign a United States District Judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice to re-filing once he has exhausted his state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

---

[2] It is also possible that the petition is barred as successive. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits."). Petitioner has filed numerous claims in state and federal court, some related to California Penal Code § 2900.5(a)'s crediting scheme. See Mark Anthony DuRoss v. California State Prison-Warden, et al., Case No. 2:10-cv-02225-MCE-KJN (E.D. Cal. August 19, 2010) (ECF No. 1-1 at 4); Mark Anthony DuRoss v. California State Prison-Warden, Case No. 2:07-cv-01567-MCE-DAD (E.D. Cal. August 2, 2007). It is impossible to tell for certain; however, whether the petition is successive at this point because it is simply too vague to discern what petitioner is claiming.

which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2015

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

/GGH17;duro1871.dism